IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES R. OLIVER, M45144, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MORGAN TAYLOR, | ) |
| KIMBERLY HVARRE, | )    Case No. 23-cv-1513-DWD |
| WEXFORD HEALTH SOURCES, INC., | ) |
| DEBBIE ISSACS, | ) |
| GARY GERST, | ) |
| DENNIS LARSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Charles Oliver, an inmate or the Illinois Department of Corrections (IDOC) currently detained at Big Muddy River Correctional Center (Big Muddy) brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. The Court dismissed Plaintiff's original Complaint for failure to state a claim, and after several extensions, Plaintiff filed the present Amended Complaint (Doc. 14). Plaintiff's Amended Complaint (Doc. 14) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. §

1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

Plaintiff alleges that on December 15, 2022, he saw Defendant P.A. Gary Gerst for the lab results concerning his diabetes. His A1C score was 6.2%. Gerst asked if Plaintiff was taking his Metformin and Gilizide as prescribed, and he confirmed that he was. Gerst did not change Plaintiff's medications on this date, and in the following days Plaintiff had "a lot of trouble with high and low sugar spikes on his glucose levels." (Doc. 14 at 4). On January 4, 2023, Plaintiff experienced symptoms of hypoglycemia around noon. He alleges that on this particular day he had run out of food from commissary. Around 1p.m. he alerted a non-party correctional officer to his medical condition, and the officer made a phone call.

Around 2p.m. Plaintiff saw Defendant Gerst for a sick call slip, which he believed to be related to his diabetes, but which turned out to be related to a tooth problem. Plaintiff reported his hypoglycemia problems to Gerst, and Gerst refused assistance because it was not the purpose of the encounter. Gerst instead told Plaintiff that it was not an emergency and that he should file a sick call slip. Plaintiff tried to insist that his symptoms were serious and that they were a listed side effect of his Metformin, but Gerst told him to raise his issue with the medical director. Plaintiff returned to his cell in severe distress with confusion, blurred vision, dizziness, and shakiness. His symptoms were partially abated when he ate dinner at 5p.m..

However, Plaintiff alleges that ever since the events on January 4, 2023, he has experienced vision problems, which he noticed because it became difficult for him to see his television from his bunk. He put in a sick call slip and saw a non-party doctor about his eye issues in February of 2023. Plaintiff explained his hypoglycemia concerns to the doctor. The doctor informed him that unmanaged sugar levels can cause vision damage, and he prescribed Plaintiff new glasses.

As relief, Plaintiff seeks $7,500 for his vision loss, transfer to another facility, and the reinstatement of a snack permit from his previous facility. In support of the pleading, Plaintiff submitted grievance documents and a document that purports to show symptoms of Metformin, including blurred vision.

Based on the allegations in the Amended Complaint, the Court designates the following count:

**Claim 1:   Eighth Amendment claim against Defendant Gary Gerst for failing to manage Plaintiff's diabetes via medication, and by denying care for his reported symptoms of hypoglycemia.**

The parties and the Court will use this designation in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under Twombly. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

### Preliminary Dismissals

As the Court previously informed Plaintiff, § 1983 imposes liability on "any person" who, under color of state law, deprives another of rights protected by the Constitution. 42 U.S.C. § 1983. To state a valid § 1983 claim, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Plaintiff named Defendants Morgan Taylor, Kimberly Hvarre, Wexford Health Sources, Inc., Debbie Issacs, and Dennis Larson, but he did not provide any factual allegations that describe the role these defendants played in any alleged harm. (Doc. 14). Naming a person (or entity) on the first page of the complaint, without giving any facts about what they personally did is not sufficient to state a § 1983 claim. *See Black v. Lane*, 22 F.3d 1395, 1401 n. 8 (7th Cir. 1994) (it is appropriate to dismiss a defendant if he is named, but there is no sufficient allegation of personal involvement). To state valid claims against the Defendants, Plaintiff needed to provide more detail about what each person did to cause him harm. Accordingly, Defendants Taylor, Hvarre, Wexford, Issacs, and Larson are dismissed for failure to state a claim.

### Analysis

An Eighth Amendment claim arising from the denial of medical care consists of an objective and a subjective component. *Berry v. Peterman*, 604 F.3d 435, 439–40 (7th Cir. 2010). A plaintiff must show that he suffered from a serious medical condition (i.e., an objective standard) and also show that each defendant responded with deliberate indifference (i.e., a subjective standard). *Id.* To satisfy the subjective component, a

prisoner must demonstrate that an official knew of and disregarded an excessive risk to inmate health. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Neither medical malpractice, nor mere disagreement with a doctor's medical judgment will amount to deliberate indifference. *Id.* Additionally, an inmate is not entitled to demand specific care, and a medical professional may choose from a range of acceptable courses of care. *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019). If an inmate alleges a delay in treatment, he must present verifying medical evidence that the delay, and not the medical condition itself, cause some harm. *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013). He must also show it was the defendant's actions or inaction that caused the delay in treatment. *Walker*, 940 F.3d at 964.

The Court previously dismissed Plaintiff's allegations against Defendant Gerst because Plaintiff did not allege any physical injury beyond a few hours of discomfort, and he did not identify any lasting harm. Under the Prison Litigation Reform Act (PLRA), an inmate cannot recover compensatory damages without any physical injury. 42 U.S.C. § 1997e(a). In the amended complaint, Plaintiff now alleges that he suffered physical harm from Gerst's failure to change his medications in early December, and from his failure to treat his hypoglycemic episode on January 4, 2023, because his vision deteriorated, and he required new glasses. Plaintiff alleges that one of his medications is known to cause hypoglycemia and vision problems, and that poorly managed blood sugar levels can cause vision problems. While the Court is skeptical of this amendment to the factual allegations, which seems conveniently responsive to the earlier comment on a lack of physical injury, it cannot fairly say at initial review that Plaintiff's allegations

are baseless or insufficient to state a claim. Accordingly, Plaintiff will be allowed to proceed solely against Defendant Gerst concerning his medication management from December 15, 2023, onward, and for the hypoglycemic episode on January 4, 2023.

## Disposition

**IT IS HEREBY ORDERED THAT Claim 1** of the Amended Complaint (Doc. 14) survives initial screening as described above against Defendant Gary Gerst. By contrast, Plaintiff has failed to state a sufficient claim against Defendants Morgan Taylor, Kimberly Hvarre, Wexford Health Sources, Inc., Debbie Issacs, or Dennis Larson, so the Clerk of Court is **DIRECTED** to **TERMINATE** these parties.

The Clerk of Court is **DIRECTED** to prepare for Defendant Gary Gerst: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 14), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation

of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to enter the standard HIPAA order in this case.

**IT IS SO ORDERED.**

Dated: December 21, 2023

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.